UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08CV-45R


MARK N. MUSIAL, et al.                                          PLAINTIFFS

v.

PTC ALLIANCE CORP, et al.                                      DEFENDANTS


## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs' Motion to Remand (Docket #27). Defendants filed a response (Docket #32) to which Plaintiffs replied (Docket #35). This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' Motion to Remand is GRANTED.

## BACKGROUND

This action arises out of the death of James Surrena on January 11, 2007. Surrena, a professional truck driver, was killed when pipe that he was transporting in a flatbed trailer shifted and pierced into the truck cab. Plaintiffs claim that Surrena's death was caused by the improper loading of the pipe as well as the failure of the flatbed trailer's front end structure device.

Plaintiffs originally filed their Complaint in the Christian Circuit Court on February 19, 2008, against PTC Alliance Corporation ("PTC"), Great American Lines, Inc. ("Great American"), Fontaine Trailer Company ("Fontaine"), Keith Gilkey, "John Doe," and Unknown Defendants. On March 30, 2008, Defendants removed the action to this Court under 28 U.S.C. § 1446 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs are both residents of Ohio as was the decedent. Defendant PTC is a corporation duly organized under the laws of Delaware with its principal place of business and headquarters

located in Wexford, Pennsylvania.  Defendant Great American is a corporation duly organized under the laws of Michigan with its principal place of business located in Warren, Michigan.  Defendant Fontaine is a corporation duly organized under the laws of Delaware with its principal place of business located in Haleyville, Alabama.  Defendant Gilkey is a resident of Kentucky.

Plaintiffs filed their Motion to Remand on April 17, 2008.

## STANDARD

Pursuant to 28 U.S.C. § 1446(a), a defendant desiring to remove a civil action from a state court may file a notice of removal in the district court of the United States for the district and division within which such action is pending.  The notice of removal shall be filed within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief or within thirty days after the service of summons upon the defendant, whichever period is shorter. 28 U.S.C. § 1446(b).  Here, Defendant removed this action on diversity grounds.  Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . [c]itizens of different States."  Pursuant to 28 U.S.C. § 1441(b), even if there is complete diversity, removal is allowed only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  A defendant desiring to remove a case based on diversity jurisdiction has the burden of proving the diversity jurisdiction requirements.  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

## DISCUSSION

Plaintiffs argue that this action must be remanded to the Christian Circuit Court as Defendant Gilkey and the unidentified "John Doe" Defendant are both residents of Kentucky.  Defendants

argue that Plaintiffs fraudulently joined Defendants Gilkey and "John Doe" and, therefore, these defendants are not to be considered for purposes of removal.

"Fraudulent joinder of a non-diverse defendant does not defeat removal based upon diversity jurisdiction." *Bishop v. Wal-Mart Stores*, 24 Fed. Appx. 236, 237 (6th Cir. 2001).

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law. . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Alexander*, 12 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Id.* (quoting *Bobby Jones*, 391 F.2d at 176).

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the] Court must remand the action to state court. . . [the] court must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party.  All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (internal quotation and citation omitted).  "[W]hile the determination as to the propriety of removal is based upon the plaintiff's pleadings at the time of removal, the court may pierce the pleadings and consider 'summary judgment-type' evidence such as affidavits and deposition testimony." *Miller v. PPG Indus., Inc.*, 237 F. Supp. 2d 756, 759 n.9 (W.D. Ky. 2002) (quotation omitted).

## I.    "JOHN DOE" DEFENDANT

Plaintiffs argue that their claim against the "John Doe" Defendant precludes removal of this case to federal district court.  Plaintiffs identified "John Doe" in their complaint as the "person

responsible for loading trailer," and further identified him as an "individual that resides in and is a citizen in the State of Kentucky."  In their Notice of Removal, Defendants assert that Plaintiffs' sole purpose in joining Defendant "John Doe" was to defeat diversity.  Defendants further assert that it is not known whether Defendant "John Doe" resides in Kentucky or Tennessee, stating that because Christian County borders Tennessee, it is equally likely Defendant "John Doe" resides in Tennessee. Additionally, in their response to the present motion, Defendants argue that under 28 U.S.C. § 1441(a), the citizenship of Defendant "John Doe" should be disregarded.

    28 U.S.C. § 1441(a) mandates that "[f]or purposes of removal [] the citizenship of defendants sued under fictitious names shall be disregarded."  While recognizing this rule, Plaintiffs argue that it should not apply here as their Complaint provides a sufficient description of Defendant "John Doe" so that he can be identified in such a manner that his existence and identity cannot reasonably be questioned.  In support of this position Plaintiff cites to two district court cases.

    In *Marshall v. CSX Transportation Co., Inc.*, 916 F. Supp. 1150 (M.D. Ala. 1995), plaintiff husband and wife brought suit to recover for injuries the wife suffered when a train struck the car she was driving.  *Id.* at 1150.  In their original complaint, the plaintiffs named the defendant corporation and the alleged train engineer at the time of the accident.  *Id.*  The complaint also named several fictitious defendants which included "Fictitious Defendant 'B,' whether singular or plural" whom the complaint described as "the engineer who was operating the train at the time of the incident described in the complaint, whose true and correct name is unknown to the plaintiff at this time, but which will be substituted by amendment when ascertained."  *Id.* at 1150-51.  After filing the compliant, the plaintiffs became aware of the true identity of a second train engineer, a resident of Alabama, who had been conducting the train at the time of the accident.  *Id.* at 1151.  The name

4

of the second engineer had been unknown to the plaintiffs because the first engineer was the only conductor listed on the accident report filed by the police officer at the scene. *Id.* The plaintiffs filed a motion to amend the complaint to substitute the second engineer for "Fictitious Defendant 'B,'" however, the defendants filed a notice of removal to the United States District Court for the Middle District of Alabama on the basis of diversity jurisdiction prior to the plaintiffs' motion. *Id.* The plaintiffs thereafter filed a motion to remand. *Id.*

The main issue confronting the court in ruling on the motion for remand was whether "Fictitious Defendant 'B'" should be considered for diversity purposes; if he was so considered then the court would lack diversity jurisdiction. *Id.* at 1152. The court noted that under the removal statute, the citizenship of defendants sued under fictitious names should be disregarded for purposes of removal. *Id.* However, the court found that this restriction did not apply when the complaint provided a description of a fictitious defendant in such a way that his identity could not reasonably be questioned. *Id.* (citing *Lacy v. ABC Ins. Co,*, No. CIV.A. 95-3122, 1995 U.S. Dist. LEXIS 17662 at *3 (E.D. La. Nov. 17, 1995); *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401-02 (M.D. Ala. 1995); *Tompkins v. Lowe's Home Ctr., Inc.*, 847 F. Supp. 462, 262 (E.D. La. 1994)). Furthermore, the court stated that if a fictitious defendant is described in the plaintiff's complaint as "'an individual who acted as a company's agent,' then that employee should be considered as a named defendant for determining diversity jurisdiction." *Id.* The court also noted that "the fact that the defendant was in a better position than the plaintiff to ascertain the citizenship of the non-diverse defendant at the commencement of the action in state court is a factor that weighs in favor of considering a fictitious defendant's citizenship for diversity purposes." *Id.*

The court remanded the case finding that the corporation had or should have had full

5

knowledge of the identity of the engineers who were conducting the train at the time of the accident well before it filed its notice of removal, noting that it was in a better position to obtain the citizenship of the conductors than the plaintiffs. *Id.* at 1153. The court found that it had the authority to do so under 28 U.S.C. § 1447(e) because doing so would merely constitute a "shorthand method of allowing an amendment to add the non-diverse party and then remanding." *Id.* at 1154 (quoting *Wright v. Sterling Investors Life Ins. Co.*, 747 F. Supp. 653, 655 (N.D. Ala. 1990)).

Plaintiffs also cite to *Tompkins v. Lowe's Home Center, Inc.*, 847 F. Supp. 462 (E.D. La. 1994). In *Tompkins*, the plaintiffs sustained personal injuries when a Lowe's employee allegedly knocked a steel pipe onto one of their feet. *Id.* at 463. The plaintiffs filed suit in Louisiana state court against Lowe's and a fictitious employee and insurance company. *Id.* The plaintiffs claimed that they were unable to determine the defendant employee's name at the time of filing. *Id.* Lowe's removed the suit to the United States District Court for the Eastern District of Louisiana based on diversity of citizenship. *Id.* After removal, the plaintiffs identified the defendant employee as Randy Prevost and amended their complaint to include him. *Id.* Lowe's did not oppose the motion to amend. *Id.*

The plaintiffs' moved to remand the action to state court as Prevost was a Louisiana resident, arguing that Prevost destroyed the complete diversity requirement because the plaintiffs were also Louisiana residents. *Id.* Defendants responded that the removal statute required that the citizenship of defendants sued under fictitious names must be disregarded for purposes of removal. *Id.* The court held that, although 28 U.S.C. § 1441(a) provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal, when the plaintiff's allegations "give a definite clue about the identity of a fictitious defendant by specifically referring to an individual

6

who acted as a company's agent, the court should consider the citizenship of the fictitious defendant." *Id.* at 463-64.  The court found remand to be proper, emphasizing that it would be unfair to the plaintiffs "to force them from their chosen state court forum into federal court by allowing Lowe's to plead ignorance about the defendant employee's identity and citizenship when Lowe's was in a position to know that information." *Id.* at 464.  The court determined that Lowe's knew of or should have known of John Doe's identity because Prevost told his supervisor of the incident immediately after it happened, following which, an accident report was completed. *Id.*

In the instant case, Defendant "John Doe" is described as the employee of Defendant PTC who loaded the pipe into Surrena's trailer.  Clearly Defendant PTC is in a better position than Plaintiffs to ascertain the citizenship of Defendant "John Doe."  The Court finds that Defendant PTC has or should have full knowledge of the identity of the employee who loaded Surrena's trailer with pipe.  Thus, this Court finds that Plaintiffs have provided a description of Defendant "John Doe" in their Complaint in such a way that his identity could not reasonably be questioned.  As in *Tompkins*, this Court finds that it would be unfair to Plaintiffs to force them from their chosen state court forum into federal court by allowing Defendant PTC to plead ignorance about the identity and citizenship of their employee Defendant "John Doe."  Therefore, this Court finds that the citizenship of Defendant "John Doe" should be taken into account for diversity purposes.  As Defendant "John Doe" is alleged to be a citizen of Kentucky, this Court must remand the action to state court.  28 U.S.C. § 1441(b).

## II.   DEFENDANT KEITH GILKEY

Having found that Plaintiffs' claim against the "John Doe" Defendant requires remand of this action to state court, the Court will decline to address the parties' arguments concerning Defendant

Gilkey.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED.

An appropriate order shall issue.